### UNITED STATES v. ORR et al.

#### (District Court, D. Rhode Island. May 19, 1915.)

#### No. 78.

1. INTERNAL REVENUE ⬤⟞40—OFFENSES AGAINST REVENUE LAWS—PARTIES LIABLE.

Oleomargarine Act (Act Aug. 2, 1886, c. 840, 24 Stat. 212 [Comp. St. 1913, § 6229]) § 17, provides that when any person engaged in carrying on the business of manufacturing oleomargarine defrauds or attempts to defraud the United States of the tax thereon, he shall be punished as therein provided. Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. 1913, § 10506]) § 332, makes one who aids, abets, etc., the commission of an offense a principal. *Held,* that the offense denounced by section 17 can be committed only by a person engaged in carrying on the business of manufacturing oleomargarine, and no matter how active the co-operation of third persons, they are not subject to the penalties thereby imposed, unless there is a concurring act of a person engaged in such business, and unless such third persons aid and abet, or otherwise bring themselves within section 332.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 97–101, 103–106, 142, 143; Dec. Dig. ⬤⟞40.]

2. INTERNAL REVENUE ⬤⟞39—OFFENSES AGAINST REVENUE LAWS—PARTIES LIABLE.

The offense of defrauding, or attempting to defraud, the United States of the tax on oleomargarine, denounced by Oleomargarine Act, § 17, may be committed by a corporation.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 97–108, 142, 143; Dec. Dig. ⬤⟞39.]

3. INTERNAL REVENUE ⬤⟞47—OFFENSES AGAINST REVENUE LAWS—SUFFICIENCY OF INDICTMENT—"MANUFACTURER OF OLEOMARGARINE."

An indictment purporting to charge an offense under Oleomargarine Act, § 17, recited that defendants did the acts charged while engaged as officers, agents, and employés of a corporation in carrying on the business of a manufacturer of oleomargarine; that one of such defendants as president, and the other as agent and employé, of such corporation (each of them being actively engaged in the management and control of the business and affairs thereof) "in their several capacities for and in the

name of said corporation" carried on such business of a manufacturer of oleomargarine. Oleomargarine Act, § 3, as amended by Act May 9, 1902, c. 784, § 2, 32 Stat. 194 (Comp. St. 1913, § 5977) provides that every person who manufactures oleomargarine for sale shall be deemed a "manufacturer of oleomargarine." Cr. Code, § 332, makes one aiding, abetting, etc., the commission of an offense a principal. *Held*, that the indictment was insufficient; it neither alleging that the corporation was engaged in carrying on the business of a manufacturer of oleomargarine, or that it defrauded the United States, nor that defendants were engaged in carrying on such business; the allegation that what defendants did was in "their several capacities" being inconsistent with the contention that they themselves were the principals.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. ☞47.]

James S. Orr and another were indicted for an offense. On demurrer to the indictment. Demurrers sustained.

See, also, 223 Fed. 220.

Harvey A. Baker, U. S. Atty., of Providence, R. I. (Peter C. Cannon, Asst. U. S. Atty., of Providence, R. I., on the brief), for the United States.

Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge. [1] This is an indictment which the United States contends sets forth an offense under section 17 of the statute relating to oleomargarine, etc. (Act of August 2, 1886, 24 Stat. 212):

"That whenever any person engaged in carrying on the business of manufacturing oleomargarine defrauds, or attempts to defraud, the United States of the tax on the oleomargarine produced by him, or any part thereof, he shall forfeit the factory and manufacturing apparatus used by him, and all oleomargarine and all raw material for the production of oleomargarine found in the factory and on the factory premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years."

The fraud punishable under the section is only that committed by particular persons; by

"Any person engaged in carrying on the business of manufacturing oleomargarine."

An indictment under this section must definitely charge that a person of such description defrauded, or attempted to defraud, etc.

No matter how active the co-operation of third persons, they are not subject to the penalties imposed by the act unless there is the concurring act of a person engaged in the business of manufacturing oleomargarine, and unless such third persons are charged with aiding and abetting, or otherwise are brought within section 332 of the Criminal Code, which makes one who aids, abets, counsels, commands, induces, or procures the commission of an offense a principal. Coffin v. United States, 162 U. S. 664, 669, 16 Sup. Ct. 943, 40 L. Ed. 1109.

[2] The offense defined by section 17 of the Oleomargarine Act is one that may be committed by a corporation. New York Central R. R. v. United States, 212 U. S. 481, 29 Sup. Ct. 304, 53 L. Ed. 613.

[3] The chief difficulty with the present indictment is that it does not follow the terms of the statute and charge directly that the de-

fendants were engaged in carrying on the business of manufacturing oleomargarine, but qualifies the language of the statute by alleging that the defendants—

"while engaged as officers, agents, and employés of the Narragansett Dairy Company, a corporation of the state of Rhode Island, in carrying on, for and in the name of said corporation, the business of a manufacturer of oleomargarine, that is to say, throughout said period of time said James S. Orr as president and said Clarence H. Orr as agent and employé of said corporation (each of them being actively engaged in the management and control of the business and affairs thereof), in their several capacities, for and in the name of said corporation, did carry on, at No. 512 South Main street in said city, said business of a manufacturer of oleomargarine," etc.

This qualifies all allegations in the indictment as to the manufacture of the oleomargarine.

The indictment does not charge directly that the Narragansett Dairy Company, a corporation, was engaged in carrying on the business of a manufacturer of oleomargarine, nor that the Narragansett Dairy Company defrauded the United States of the tax on the oleomargarine produced by it. The indictment therefore is not aided by section 332 of the Criminal Code.

Neither does it sufficiently charge that the defendants were engaged in carrying on the business of manufacturing oleomargarine.

Section 17 is directed at the principal, and does not, like many other statutes, in terms make agents or employés of a principal or officers of a corporation, liable as principal offenders.

The allegations that the defendants in "their said several capacities" did carry on said business is inconsistent with the contention that they themselves were the principals. Neither does the definition of a manufacturer in section 3 of the act as amended by act of May 9, 1902 (32 Stat. 193), assist the indictment.

Even if it could be held unnecessary to charge specifically the facts which make a person a manufacturer of that special class (which is doubtful), it would still be necessary to charge directly, substantially in the language of the statute, that the defendants were engaged in the business of manufacturing.

As the indictment fails to do this, I am of the opinion that it does not, with requisite directness and certainty, charge the defendants either as principals under section 17, or as principals under section 332 of the Criminal Code.

Demurrers sustained.