UNITED STATES v. ORR et al.

(District Court, D. Rhode Island. July 7, 1916.)

No. 98.

1. INTERNAL REVENUE ⬳47—INDICTMENT—SUFFICIENCY.

Oleomargarine Act Aug. 2, 1886, c. 840, § 3, 24 Stat. 209, as amended by Act May 9, 1902, c. 784, § 2, 32 Stat. 194 (Comp. St. 1913, § 5977), declares that not only shall one who completes the whole process of manufacturing for sale, including the use of artificial coloration, but one who adds artificial coloration to oleomargarine manufactured by others and disposes of it in violation of the act shall be deemed a manufacturer. Section 8, as amended by section 3 of the act of 1902 (Comp. St. 1913, § 6220), imposes a tax of 10 cents a pound on oleomargarine other than that free from artificial coloration, while section 17 (section 6229) provides for the punishment of any person engaged in the business of manufacturing oleomargarine, who defrauds or attempts to defraud the United States of a tax. *Held* that, as it is reasonable for the statute to declare any person who adds artificial coloration to be a manufacturer of oleomargarine, an indictment charging in the language of the statute that defendants as manufacturers of artificially colored oleomargarine defrauded the government of its revenues is not bad, because not specifying whether defendants merely added artificial coloration or manufactured the whole product.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. ⬳47.]

2. INDICTMENT AND INFORMATION ⬳82—SUFFICIENCY—PRINCIPALS.

An indictment charging defendants with defrauding the United States of taxes on artificially colored oleomargarine, which alleged that they carried on their business under a corporate name, but treated them as principals, is not bad as failing to charge them as principals.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 225; Dec. Dig. ⬳82.]

James S. Orr and Clarence H. Orr were indicted for violating the Oleomargarine Act, and for defrauding the United States of taxes on

artificially colored oleomargarine. On demurrers to indictment. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge. This is an indictment for violation of section 17 of the Oleomargarine Act, and for defrauding the United States of taxes on artificially colored oleomargarine.

[1] As was pointed out in United States v. Orr (D. C.) 223 Fed. 222, the fraud punishable under section 17 is only that committed by "any person engaged in carrying on the business of manufacturing oleomargarine." Section 3 of the Oleomargarine Act of August 2, 1886, as amended by section 2 of the act of May 9, 1902, defines who shall be deemed or held to be a manufacturer of oleomargarine. The term applies, not only to one who completes the whole process of manufacture for sale, including the use of artificial coloration, but to one who adds artificial coloration to oleomargarine manufactured by others, and sells or disposes of it as specified in the act.

By section 8 of the act of August 2, 1886, as amended by section 3 of the act of May 9, 1902, there is imposed a tax of 10 cents per pound upon oleomargarine other than that free from artificial coloration that causes it to look like butter of any shade of yellow, which shall be manufactured and sold, or removed for consumption and use; such tax to be paid by the manufacturer. The tax is payable by the manufacturer, whether he be one who completes the product by adding artificial coloration to oleomargarine made by others, or one who adds it to oleomargarine wholly of his own production.

The first point on demurrer is:

"The defendants are not sufficiently charged as manufacturers of oleomargarine as defined by Act Aug. 2, 1886, as amended."

It is contended that it is essential that the indictment should indicate whether the defendants manufacture by adding coloring matter to oleomargarine made by others, or add it to oleomargarine made entirely by themselves.

I am of the opinion that the indictment is sufficient to apprise the defendants that the government may offer testimony as to either or both ways of carrying on the business of manufacturing, and of giving to the product the artificial coloration which makes it taxable at 10 cents per pound.

It is no undue extension of the term "manufacture" to make it apply to the addition of artificial coloration as the final step in completing the product taxable at 10 cents per pound, as well as to cover its addition in connection with other processes of producing the product. It is not unreasonable in a statute imposing a tax upon an artificially colored, as distinguished from an uncolored, product to treat the step by which the article is given the characteristic color which makes it subject to the special tax as manufacture of the taxable product, irrespective of other steps in the process. See Burdick v. Dillon, 144 Fed. 737, 741, 742, 75 C. C. A. 603. The coloring of the article is not

in itself the means of defrauding the United States, but only a step towards liability to the payment of special taxes.

The defendants are sufficiently charged in the language of the statute as persons engaged in carrying on the business of manufacturing oleomargarine; and the statute, by its definition of the term "manufacturer," removes any uncertainty as to the meaning of that term under the law. That under this allegation the government may show that the defendants produced the taxable product by adding coloring matter to uncolored oleomargarine made by others, as well as to that made by themselves, does not make the charge uncertain or indefinite. There is no reason why the government should be restricted to either class of evidence in showing that the defendants are manufacturers. In fact, it may be possible for the government to prove that a defendant is a manufacturer within the terms of the statute by showing that he used coloring matter to produce colored oleomargarine, though unable to show whether the rest of the process of manufacture was performed by him or by others. The ultimate fact to be proved is charged with requisite certainty; and the first ground of demurrer must be overruled.

[2] The second point relates to counts 13 to 24, inclusive, and is that the defendants are not properly charged as principals, under either section 17 of the Oleomargarine Act or section 332 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. 1913, § 10506]), and that the decision in U. S. v. Orr (D. C.) 223 Fed. 222, is applicable to these counts as well as to the counts then before the court. But in the present counts there is no allegation, as in that case, that the defendants carried on the business in "their said several capacities" as officers of a corporation. They are here charged individually as principals, though it is also alleged that they carried on business in the name of the Narragansett Dairy Company. The second point must be overruled.

The third point relates only to the thirty-seventh count. I am of the opinion that the nonpayment of the tax at the time of sale is sufficiently alleged, and that the indictment is not demurrable on this ground.

The demurrers are overruled.