**UNITED STATES of America**

v.

**Edward Martin BINKLEY and Richard Brumbaugh, d/b/a The Brumbaugh Company, Inc.**

**Crim. No. 61–109.**

United States District Court
W. D. Pennsylvania.

Nov. 27, 1961.

Gustave Diamond, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

James C. Kuhn, Jr., of Wilner, Wilner & Kuhn, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The defendant, Edward Martin Binkley, with one other, is charged in five counts of an information with violations of § 1233(c) of the "Automobile Information Disclosure Act", 15 U.S.C.A. § 1231 et seq. Defendant Binkley moves for dismissal of the indictment on two grounds: (1) that the information does not set forth facts sufficient to constitute an offense against the United States because the statute as applied to him is unconstitutional; (2) that the information filed against him is faulty in that it alleges that the acts were done by a corporation, and not individually as a sole proprietor or partner.

The constitutionality of this statute has already been attacked in this District and upheld. United States v. Cummings, 184 F.Supp. 18 (W.D.Pa.1960). See also, authorities cited in the excellent brief filed on behalf of the United States.

We find no merit in the defendant's second ground for dismissal. Each count of the information, using the plural, charges:

"* * * *defendants* Edward Martin Binkley and Richard Brum-

baugh, doing business as The Brumbaugh Company, Inc., and being engaged in conducting the business of a Used Car Dealer * * * did willfully alter the said label * * *." (Emphasis supplied.)

We think that the information plainly charges each defendant individually, not the corporation; and the corporate designation following their names is used only in apposition for purposes of identification. Cyclopedia of Federal Procedure, vol. 11, § 42.64, p. 388; cf. United States v. Orr, 233 F. 718, 720 (D.C. R.I.1916).

The motion to dismiss will be denied.