**UNITED STATES of America,
Plaintiff**

v.

**Joseph H. ZITOMER, Gary M. Zitomer, George R. Benedetti, Roger Cyr, John Earle, all doing business as Wells Real Estate, Inc., Defendants.**

**Cr. No. 11624.**

United States District Court
D. Connecticut.

March 4, 1966.

358

Jon Newman, U. S. Atty., Samuel Heyman, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

Irving Perlmutter, New Haven, Conn., for defendants Joseph and Gary Zitomer.

Arthur S. Sachs and Thomas Hackett, New Haven, Conn., for defendant Benedetti.

Thomas Clifford, New Haven, Conn., for defendant Cyr.

Gary R. Ginsburg, West Haven, Conn., for defendant Earle.

ZAMPANO, District Judge.

The defendants are charged with submitting false statements and writings to the Veterans Administration, in violation of 18 U.S.C.A. § 1001.

Defendants Joseph Zitomer, Gary Zitomer, George Benedetti and John Earle move to dismiss the three-count indictment claiming it is impossible to determine from the indictment's caption or body who the proper defendants are in this action. Specifically, it is maintained by the defendants Joseph and Gary Zitomer the wording in the indictment fails to disclose whether the corporation, Wells Real Estate, Inc., is or is not a defendant. The defendant, Benedetti, and apparently the defendant Earle, assert the indictment improperly charges an offense on their part since it is addressed to a corporation in which they are only employees.

The caption of the indictment refers to the individual defendants as "all doing business as Wells Real Estate, Inc." The allegations of the three counts of the indictment specify certain of the named defendants and identify them as "the defendants herein." Immediately following this designation appears the clause, "all doing business as Wells Real Estate, Inc."

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment shall be "a plain, concise and definite statement of the essential facts constituting the offense charged." Its underlying purpose is to enable a defendant to understand the nature of the charges against him, to provide him with sufficient information to prepare his defense and to make it possible for him "to plead the judgment in bar of another prosecution for the same offense should occasion for doing so arise." United States v. Josephson, 165 F.2d 82, 85 (2 Cir. 1947), cert. denied 333 U.S. 838, 68 S.Ct. 609, 92 L.Ed. 1122, reh. denied 333 U.S. 858, 68 S.Ct. 731, 92 L.Ed. 1138.

The indictment in the instant case clearly complies with the requirements of the rule. The phrase "doing business as Wells Real Estate, Inc." merely refers to the agency or instrumentality through which the alleged fraud was accomplished. The named individuals were indicted, not the corporation. The corporate designation used here does not indict another party but simply further identifies the individuals and particularizes the charges. See Schraubstadter v. United States, 199 F. 568, 570 (9 Cir. 1912); United States v. Binkley, 199 F. Supp. 911 (W.D.Penna.1961); cf. United States v. Orr, 233 F. 718, 719 (D.R.I. 1916).

The motions to dismiss are denied.